**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 07-1269

ERIC WILLIAMS,
Petitioner-Appellant,

v.

JOHN R. MARSHALL, JR.,
Respondent-Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, District Judge]

---

Before

Torruella and Boudin, Circuit Judges,

and Schwarzer,[*] District Judge.

---

Anne E. Gowen for appellant.
Maura D. McLaughlin, Assistant Attorney General, Criminal
Bureau with whom, Martha Coakley, Attorney General, was on brief
for appellees.

---

October 29, 2008

---

[*]Of the Northern District of California, sitting by
designation.

**Schwarzer, District Judge**.  Eric Williams appeals the denial of his petition for habeas corpus.  In his petition, Williams claimed that his constitutionally guaranteed due process rights were violated by the admission of a letter allegedly authored by him, and by the prosecutor's use and interpretation of portions of the letter.  The district court denied his petition.  Even applying a standard more favorable to the petitioner than the one adopted by the district court, we agree that admission of the letter was proper and affirm the judgment below.

## I.  Factual and Procedural History

We detail only those facts necessary to resolve Williams' claim.  Pursuant to 28 U.S.C. § 2254(e)(1), we presume the factual findings of the state court to be correct.

Williams was charged in connection with a series of incidents that occurred on August 9, 1999, in Brockton, Massachusetts.  That evening, a fistfight broke out between Williams and several other individuals.  He was accused of punching Tiffany Clark in the face.  Later that evening, there was a second fight, in which Williams was accused of striking Linda Burrell twice, one time with a gun.  Subsequently, a man who police alleged was Williams fired a gun into the ground near Burrell and her friend, Daniel Silva.  Clark did not testify at trial about the first incident.  Burrell positively identified Williams as her attacker in the second incident, but she could not clearly identify

Williams as the shooter in the third incident.  Other prosecution witnesses who identified Williams as the shooter were problematic, one suffering from limited perception of the incident and the other suffering from credibility issues.

Williams was convicted of four of the six assault and battery and weapons related charges in Massachusetts Superior Court for Plymouth County.  One of the prosecution's key pieces of evidence was a letter allegedly authored by Williams while he was incarcerated awaiting trial.  The letter was addressed to a friend of Williams', but was returned to the correctional facility because the addressee was unknown.  In compliance with established policies, jail authorities treated the letter as incoming mail, and opened it because of safety concerns raised by gang symbols on the outside of the envelope.

The letter was written largely in slang and contained numerous references to drug use and gang membership.  More importantly, it asked the recipient to intimidate Tanya Ross, a witness expected to testify for the prosecution, and to try to influence a co-defendant not to accept a plea bargain.  Defense counsel moved to exclude the letter.  The trial court admitted it, reasoning that although the letter was prejudicial to the defendant, it was also highly probative of consciousness of guilt. The judge ordered that portions of the letter relating to gang membership and some mentions of drug use be redacted.

The redacted letter was read to the jury twice during the course of the trial. The prosecutor displayed an enlargement of the two-page letter during his closing argument and referenced passages several times. Additionally, the prosecutor suggested that the jury should interpret a phrase in the letter – "blaze for me" – to mean "shoot for me".

The jury convicted Williams of assault and battery and assault and battery with a dangerous weapon on Burrell, unlawful possession of a firearm, and unlawful discharge of a firearm. He was acquitted of the two other charges, assault and battery on Clark and assault with intent to murder Silva. Williams' motion for a new trial was denied, and he was sentenced to nine to ten years in prison.

The Massachusetts Appeals Court affirmed Williams' conviction and the denial of his motion for new trial. He filed a motion for further appellate review with the Massachusetts Supreme Judicial Court, which was denied without opinion. Williams then filed a petition for habeas corpus in the district court, claiming that the admission of the letter was so prejudicial that it violated his constitutionally guaranteed due process rights. The petition was denied, and this timely appeal followed.

## II. Standard of Review

We review the district court's denial of habeas corpus de novo. Norton v. Spencer, 351 F.3d 1, 4 (1st Cir. 2003).

The standard of review applied by federal courts in a habeas corpus case depends on whether the petitioner's constitutional claim was adjudicated by the state court. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254, if the state court decided Williams' constitutional claim, he is entitled to habeas relief only if the proceeding 1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or 2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings." 28 U.S.C. § 2254(d).

If, however, the petitioner's federal constitutional claim was raised in the state courts but remained unresolved, we apply a de novo standard. Lynch v. Ficco, 438 F.3d 35, 44 (1st Cir. 2006). Under this standard, Williams' petition should be granted if he can demonstrate that the erroneously admitted evidence so infused the proceeding with inflammatory prejudice that it rendered a fair trial impossible. Petrillo v. O'Neil, 428 F.3d 41, 44 n.2 (1st. Cir. 2005).

The Commonwealth contends that Williams' federal claim was effectively adjudicated by the state court because the Massachusetts Appeals Court applied prejudicial error analysis, a standard that was at least as favorable to Williams as the federal

- 5 -

standard. McCambridge v. Hall, 303 F.3d 24, 35 (1st Cir. 2002)(holding that if a state case explicitly states that the state standard is more favorable to the defendant than the federal standard, the federal claim is considered adjudicated below when the state standard is applied).

The Appeals Court found that admission of the letter and the prosecutor's statements about the letter was not error. Commonwealth v. Williams, No. 02-P-640, 2005 WL 955049, at *2-3 (Mass.App.Ct. April 26, 2005). The Commonwealth argues that the court applied prejudicial error analysis, which examines erroneously admitted evidence to be "sure that the error did not influence the jury, or had but very slight effect." Commonwealth v. Alphas, 430 Mass. 8, 13-14 n.7 (1999),(quoting Commonwealth v. Flebotte, 417 Mass. 348, 353 (1994)). Finding that admission of the letter was not error, the court did not proceed to the second prong of the analysis to determine if the error influenced the jury.

The petitioner contends that the state courts did not address his federal claim, and that he is entitled to de novo review. He argues that the court did not mention his federal due process claim in its analysis of the admissibility of the letter, and that the court's statements summarily rejecting the alleged

evidentiary error did not adequately address the issue.[1]

The Appeals Court's discussion of the admission of the letter and the prosecutor's statements about it are indeed brief and do not explicitly discuss the petitioner's federal claim. Additionally, it is unclear what standard the court applied in evaluating Williams' claims. In finding that the admission of the letter was not error, however, the court likely applied a standard more favorable than the federal standard. Nonetheless, because petitioner's claim fails even under the more favorable de novo standard articulated in Petrillo, we apply this standard without deciding whether de novo review is in fact required. 428 F.3d at 44 n.2.

### III. Discussion

In Petrillo, we held that for an evidentiary error to deprive a defendant of his constitutionally guaranteed due process rights and provide a basis for habeas relief, the "error must so infuse the trial with inflammatory prejudice that it renders a fair

---

[1] In discussing the admission of the letter, the Appeals Court stated:

> Further, we see no merit to the defendant's claim that the letter was inadmissible in that its contents portrayed him in a poor light, suggested an additional uncharged crime, and were unduly exacerbated by the prosecutor's use of a blow up copy of the letter during closing argument. See and contrast Commonwealth v. Hoppin, 387 Mass. 25, 30, 438 N.E.2d 820 (1982). See also Commonwealth v. Helfant, 398 Mass. 214, 224-225, 496 N.E.2d 433 (1986); Commonwealth v. Babbitt, 430 Mass. 700, 704 (2000).

Williams, 2005 WL 955049, at *2-3.

trial impossible." 428 F.3d at 44 n.2. In this case, unlike in Petrillo, the Appeals Court found that the admission of the letter as well as the prosecutor's use of an enlargement of the letter and his comments about it did not constitute error. Williams, 2005 WL 955049, at *2-3. As the district court notes, the trial court made a careful and detailed ruling in admitting the letter. The court reasoned that although prejudice to Williams was necessarily a byproduct of admission, the high probative value of the letter outweighed any prejudice. Additionally, the trial court took numerous steps to decrease potential prejudice to Williams. The court redacted the letter to remove several gang and drug use references. The court also offered to provide a limiting instruction to the jury on consciousness of guilt, which Williams' trial counsel declined, viewing it as a "double edged sword." Additionally, as the Appeals Court notes, even if the prosecutor's brief statement interpreting the phrase "blaze for me" to mean "shoot for me" in the letter was incorrect, the judge instructed the jury that closing arguments are not evidence in the case. Williams, 2005 WL 955049, at *2. Therefore, because the admission of the letter was not error, petitioner necessarily fails to meet the high bar set in Petrillo to demonstrate that an error amounted to a violation of constitutionally protected due process rights.

Even if we were to assume that the admission and use of the letter was error, however, Williams' habeas petition would

still fail.  As discussed above, Williams was charged with six counts of assault and battery and weapons related charges against three different individuals.  He was convicted of the assault on Linda Burrell, where Burrell was able to provide a clear positive identification, and acquitted for the alleged assault on Clark and Silva, in which either no identification was provided, or the identification was less reliable.  This careful evaluation of the evidence supporting each of the charges indicates that the jury acted in a rational and deliberative manner, and was not so inflamed by prejudice that they were not able to fulfill their neutral fact finding role.  Therefore, even assuming that Williams is entitled to de novo review, and that the admission and use of the letter was error, he has still not demonstrated that it was an error of constitutional magnitude that deprived him of due process and entitles him to habeas relief.  Fortini v. Murphy, 257 F.3d 39, 48 (1st Cir. 2001) ("the Supreme Court adopted a different test for habeas more favorable to the prosecution, namely, that the error (constitutional or not) is harmless if it did not have a substantial and injurious effect or influence on the jury's verdict.").

AFFIRMED.